UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND J. GARDNER, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-4911 |
| STATE FARM FIRE AND CASUALTY CO., ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is defendant Federal Emergency Management Agency's ("FEMA") opposed[1] motion for summary judgment.[2] Because plaintiffs did not comply with the proof of loss requirement applicable to their flood insurance claim, the Court grants the motion and dismisses plaintiffs' claims.

### I.   BACKGROUND

This action arises out of an insurance dispute over property damage allegedly caused by Hurricane Ida.[3] Hurricane Ida made landfall on the Louisiana coast on August 29, 2021. At that time, plaintiffs' home was

---

[1]   R. Doc. 42.
[2]   R. Doc. 39.
[3]   R. Doc. 12 at ¶ 10.

insured through a standard flood insurance policy ("SFIP") provided directly by FEMA.[4]

After plaintiffs' home sustained damage, plaintiffs notified FEMA of damage.[5] In plaintiffs' November 30, 2022, communication with FEMA, they reported a loss date of September 28, 2022; this was later corrected to reflect Hurricane Ida's 2021 landfall.[6] Thereafter FEMA assigned an adjuster and reminded plaintiffs "to sign and submit a Proof of Loss to NFIP Direct within sixty (60) days of the loss or within any extended timeframe granted by the Federal Insurance Administrator."[7] On December 7, 2022, All Seasons Adjusting inspected plaintiffs' property.[8] All Seasons Adjusting could not confirm damage due to Hurricane Ida related flooding and recommended plaintiffs' claim be closed without payment.[9] On December 28, 2022, FEMA denied plaintiffs' claim.[10] Plaintiffs then filed an administrative appeal.[11] The appeal decision concurred with the insurer's

---

[4]  R. Doc. 39-2 at 1 ¶¶ 2-3; R. Doc. 42-2 at 1 ¶¶ 2-3.
[5]  R. Doc. 39-2 at 1 ¶¶ 4; R. Doc. 42-2 at 1 ¶¶ 4. The parties dispute when plaintiff first notified FEMA of their Hurricane Ida flood claim.
[6]  R. Doc. 39-2 at 1 ¶¶ 4-5; R. Doc. 42-2 at 1 ¶ 5; R. Doc. 39-4, Exhibit A.2.
[7]  R. Doc. 39-2 at 2 ¶ 7; R. Doc. 42-2 at 2 ¶ 7.
[8]  R. Doc. 39-2 at 2 ¶ 8; R. Doc. 42-2 at 2 ¶ 8.
[9]  R. Doc. 39-2 at 2 ¶¶ 9, 11; R. Doc. 42-2 at 2 ¶¶ 9, 11.
[10] R. Doc. 39-2 at 2 ¶ 12; R. Doc. 42-2 at 2 ¶ 12.
[11] R. Doc. 39-2 at 2 ¶ 13; R. Doc. 42-2 at 2 ¶ 13.

decision to deny plaintiffs' claims and found that plaintiffs did not file a claim for damages until approximately 14 months after the claimed date of loss.[12]

On August 29, 2023, plaintiffs filed this action against State Farm Fire and Casualty Company ("State Farm"), alleging that it was plaintiffs' write-your-own SFIP carrier.[13] On December 12, 2023, plaintiffs amended their complaint, adding FEMA as a defendant.[14] The Court dismissed State Farm from the matter on January 1, 2025.[15] FEMA now moves for summary judgment on plaintiffs' claim against it.[16] Plaintiffs oppose FEMA's motion.[17]

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s]

---

[12]   R. Doc. 39-2 at 2-3 ¶¶ 14, 16; R. Doc. 42-2 at 2 ¶¶ 14, 16.
[13]   R. Doc. 1.
[14]   R. Doc. 12.
[15]   R. Doc. 27.
[16]   R. Doc. 39.
[17]   R. Doc. 42.

3

from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

4

## III. DISCUSSION

Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and issues policies directly or through private insurers, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.* Policies are issued in the form of an SFIP, and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. § 61.13(d). Because pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). "A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. § 61, app. A(1) art. VII(R)).

The SFIP requires that claimants submit a proof of loss within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Here, FEMA extended the deadline

to 180 days after the reported date of loss for Louisiana policyholders who suffered Hurricane Ida related flood damage.[18] The extension applied to dates of loss of August 28, 2021, to September 1, 2021. Thus, the latest date that plaintiffs could have timely submitted a proof of loss was February 28, 2022.[19]

Defendant avers that plaintiff neither timely notified FEMA nor timely submitted a SFIP-compliant proof of loss. In support, defendant points to communications with plaintiffs that show that plaintiffs first notified FEMA of their flood loss in November 2022, after the February deadline. This evidence is not "so sheer" that a reasonable fact-finder might not find for defendant. *Int'l Shortstop, Inc.*, 939 F.2d at 1265. Accordingly, plaintiffs must counter with evidence sufficient to demonstrate a genuine issue of material fact to defeat summary judgment. *Id.* Plaintiffs have failed to do so. Plaintiffs do not point to any SFIP-compliant proof of loss. Plaintiffs allege, but provide no evidence, that they filed a claim with FEMA some time in 2021 and were given an ID number of 4628413384628.[20] This is

---

[18]   R. Doc. 39-4.
[19]   *Id.*
[20]   Plaintiffs also provide a handwritten note dated "1-14-2023," and a report from a consulting engineer addressed to Mr. Gardner. The report is dated December 15, 2021, and includes a typed cover letter, photographs, a blueprint of the elevation, handwritten notes, and an invoice.[20] Plaintiffs aver that the report and handwritten note were

insufficient. Even assuming plaintiff did provide notice of loss in 2021, plaintiffs' claims still fail. The notice and sworn proof of loss requirements are "separate and distinct requirements." *Gowland*, 143 F.3d at 954 (5th Cir. 1998). There is no indication that plaintiffs timely submitted a sworn proof of loss statement. The law is clear that this is a bar to recovery. *See e.g., Wright*, 415 F.3d at 387. FEMA is therefore entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiffs' claim is dismissed.

New Orleans, Louisiana, this __25th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

part of plaintiffs' FEMA appeal. Because the appeal was after the February 2022 deadline, these communications do not constitute timely proof of loss. They therefore do not create a genuine issue of material fact regarding whether plaintiff timely submitted an SFIP-compliant proof of loss.